KNM:em 07-255

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SOUTHEASTERN MARINE INCORPORATED d/b/a TOW BOAT U.S. | : | |
| VS. | : | C.A. No. 2007-447ML |
| S/V HEAD HUNTER, her engines, tackle, apparel, furnishings, equipment, etc. and DAVID L. NEWTON | : | |

**PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT**

Now comes Plaintiff, Southeastern Marine Incorporated d/b/a Tow Boat U.S. and hereby requests that the Clerk of the Court enter a default against Defendant, S/V Head Hunter, her engines, tackle, apparel, furnishings, equipment, etc., and David L. Newton, individually and as owner of S/V Head Hunter, as authorized by Federal Rule of Civil Procedure 55. As grounds for said motion, Plaintiff sets forth the following:

1. Plaintiff, Southeastern Marine Incorporated d/b/a Tow Boat US, is a business providing salvage services in and about the waters of Southern New England. Defendant is S/V Head Hunter, her engines, tackle, apparel, furnishings, equipment, etc., and the owner of S/V Head Hunter, David L. Newton.

2. On December 5, 2007, Plaintiff filed its Complaint with the Court suing Defendant for the total cost of salvage services provided in connection with S/V Head Hunter on October 5, 2007. A copy of the Complaint is attached hereto as Exhibit A.

3. On December 8, 2007, Defendant was served with a summons and copy of Plaintiff's Complaint by personal service. A copy of the return of service is attached

hereto as Exhibit B. Defendant did not file a responsive pleading or otherwise defend the suit.

4. Plaintiff is entitled to entry of default.

### *B. Argument*

5. The Clerk of the Court may enter a default against a party who has not filed a responsive pleading or otherwise defended the suit. Fed. R. Civ. P. 55(a); *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996).

6. The Clerk should enter a default against Defendant because Defendant did not file an Answer within twenty (20) days after December 8, 2007, the date of service. Fed. R. Civ. P. 12(a)(1)(A).

7. Plaintiff meets the procedural requirements for obtaining an entry of default from the clerk as demonstrated by Attorney A. Lauriston Parks' sworn affidavit, attached hereto as Exhibit C.

8. Defendant is not an infant, an incompetent person, or in military service. *See* 50 U.S.C. app. §521(b)(1); Fed. R. Civ. P. 55(b)(1),(e). An affidavit of Defendant's military status is attached hereto as Exhibit D.

9. Because Defendant did not file a responsive pleading or otherwise defend the suit, Plaintiff is entitled to an entry of default.

### *C. Conclusion*

10. WHEREFORE, based upon the fact that the Defendant was served by proper service of process on December 8, 2007 and did not file an answer within twenty

(20) days after the date of service, Plaintiff asks the Court to enter a default in favor of Plaintiff.

Southeastern Marine Incorporated d/b/a
Tow Boat U.S.

By its Attorneys,

/s/ A. Lauriston Parks

A. Lauriston Parks, Esq. #0385
53 Narragansett Avenue
Jamestown, RI 02835
(401) 423-8900 – telephone
(401) 560-0186- fax
alp@alparks.net

/s/ Kelly N. Michels

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903
(401) 421-2154 – telephone
(401) 521-7040 – fax
jtm@hansoncurran.com
knm@hansoncurran.com

**PROOF OF SERVICE**

I hereby certify that on this 9th day of January, 2008, I mailed a copy of the foregoing *Motion for Entry of Default* to David L. Newton, 19 Margin Street, Westerly, RI 02891. Service will also be affected personally upon David L. Newton aboard the S/V Head Hunter, located at Viking Marine in Westerly, RI.

/s/ Kelly N. Michels
of HANSON CURRAN LLP