KNM 07-255

A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SOUTHEASTERN MARINE INCORPORATED d/b/a TOW BOAT U.S. | : | |
| VS. | : | C.A. No. CA 07 447ML |
| S/V HEAD HUNTER, her engines, tackle, apparel, furnishings, equipment, etc. and DAVID L. NEWTON | : | |

**COMPLAINT**

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material hereto, the plaintiff, SOUTHEASTERN MARINE INCORPORATED d/b/a TOW BOAT U.S. (hereinafter "TOW BOAT" or "plaintiff"), was and is a corporation organized under and by virtue of the laws of the State of Connecticut with its principal place of business located in West Mystic, Connecticut.

3. At all times material hereto, the S/V HEAD HUNTER was and is a 47 foot Hunter, diesel powered sailing vessel. Upon information and belief, the S/V HEAD HUNTER is currently located in or about Westerly, Rhode Island, within the jurisdiction of this Honorable Court.

4. At all times material hereto, defendant, DAVID L. NEWTON (hereinafter "NEWTON"), was and is the owner of the S/V HEAD HUNTER, and is a resident of the Town of Westerly, Rhode Island.

5. The S/V HEAD HUNTER, at all times material hereto, had a value of at least One Hundred Thousand and 00/100 ($100,000.00) Dollars.

6. At all times material hereto, plaintiff, TOW BOAT, has been engaged in the business of providing salvage services and has maintained several vessels and extensive equipment for the purpose of salvaging vessels and their cargos in and about the waters of southeastern New England, including Rhode Island and Connecticut, such equipment including vessels built for and especially adapted to the salvage business.

7. At all times material hereto, TOW BOAT, was and is a professional salvor.

8. Included among the vessels owned, maintained and operated by plaintiff in connection with its salvage business is the motor vessel TowBOAT US #7.

9. On or about the early morning hours of October 5, 2007, a "Mayday" report was broadcast by NEWTON and received by the U.S. Coast Guard and TOW BOAT.

10. At the time of said report, TOW BOAT launched a salvage vessel to respond to the "Mayday" call and proceeded to the location reported on the radio, the Watch Hill reef area, in order to investigate.

11. While plaintiff's salvage vessel was en route to Watch Hill, it discovered the distressed vessel, S/V HEAD HUNTER, hard aground on "Seal Rocks" about 1.5 miles from the Watch Hill passage.

12. It was reported to the operator of TowBOAT US #7, Don Rich ("Rich"), that the S/V HEAD HUNTER's operator had anchored for the night due to heavy fog in

the area. During the early morning hours the anchor broke free in the heavy incoming tide and the sailing vessel crashed onto "Seal Rocks".

13. When plaintiff heard the report of the grounded vessel, it was dark, in the early morning hours, with light winds and a heavy incoming tide flow. High tide was scheduled for 4:25a.m.

14. When the plaintiff's rescue vessel and crew arrived, it was able to negotiate into the dangerous reef and was itself caught in the heavy current, slamming alongside the casualty.

15. The operator of plaintiff's rescue vessel, Mr. Rich, rigged a towing bridle and tow line onto the S/V HEAD HUNTER. At that point, TowBOAT US #7 was able to break away from the grounded vessel and back out and away from the reef into deeper and safer waters. A steady strain was applied to the tow line. S/V HEAD HUNTER was turned towards deeper water and eventually pulled free having to be dragged over several rocks in the process. The grounding damaged the S/V HEAD HUNTER's rudder which caused the boat to steer hard to the port side.

16. Prior to Plaintiff volunteering its salvage services, the S/V HEAD HUNTER was in peril.

17. Under the circumstances, the action that was necessary to rescue and tow the S/V HEAD HUNTER to the safety of the Viking Marina required a high degree of skill and was performed at considerable risk to life, limb and salvage property.

18. With great skill and effort and at great danger and risk to its personnel, equipment, valuable salvage vessel and environmentally protected Recreation Area,

plaintiff quickly and professionally stabilized and removed the S/V HEAD HUNTER to a place of safety.

19. As a result of plaintiff's action, the S/V HEAD HUNTER was saved to the benefit of her owner.

20. Plaintiff's salvage efforts on behalf of S/V HEAD HUNTER were successful.

21. Upon information and belief, the value of the S/V HEAD HUNTER, her engines, tackle, apparel, furnishings, equipment, etc., in the condition saved amounted to One Hundred Thousand and 00/100 ($100,000.00) Dollars, all of which was fully saved by reason of the salvage services rendered by plaintiff.

22. The services rendered by plaintiff to the S/V HEAD HUNTER were salvage services of a high order of merit that were furnished voluntarily, professionally, promptly, efficiently, skillfully and under conditions that were difficult and dangerous and therefore, plaintiff is entitled to a liberal salvage award.

23. The amount of just compensation claimed for the just and meritorious salvage services in connection with the S/V HEAD HUNTER is Twenty Five Thousand Seven Hundred Sixty and 00/100 ($25,760.00) Dollars.

24. Plaintiff has a maritime lien, enforceable in this Honorable Court against the aforesaid vessel *in rem* for the full amount of its salvage claim, plus interest, costs and such other relief as this Court deems fit.

**WHEREFORE,** plaintiff, SOUTHEASTERN MARINE INCORPORATED d/b/a TOW BOAT U.S. prays:

Case 1:07-cv-00447-ML-DLM Document 1 Filed 12/05/2007 Page 5 of 6

1. That judgment may be entered in favor of plaintiff in the amount of Twenty Five Thousand Seven Hundred Sixty and 00/100 ($25,760.00) Dollars, together with interest, costs and attorneys fees and that the S/V HEAD HUNTER, her engines, tackle, apparel, furnishings, equipment, etc., may be condemned and sold to pay the same; and

2. That plaintiff may have such other and further relief that the justice so this cause may require.

Southeastern Marine Incorporated d/b/a
Tow Boat U.S.

By its Attorneys,

A. Lauriston Parks /knm

A. Lauriston Parks, Esq. #0385 #6478
53 Narragansett Avenue
Jamestown, RI 02835
(401) 423-8900 – telephone
(401) 560-0186- fax
alp@alparks.net

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903
(401) 421-2154 – telephone
(401) 521-7040 – fax
jtm@hansoncurran.com
knm@hansoncurran.com

Plaintiff hereby designates A. Lauriston Parks, James T. Murphy and Kelly N. Michels and as its trial attorneys.

## VERIFICATION

**Donald Rich,** of Mystic, Connecticut, on oath deposes and says:

That he is the President of Southeastern Marine Incorporated d/b/a Tow Boat U.S., the plaintiff corporation in this matter; that he has read the foregoing complaint and knows the contents thereof; that he has personal knowledge of the matters set forth therein and that the same is true to the best of his knowledge, except as to those matters stated to be on information, and as to those matters he believes it to be true.

**Donald Rich, President**
**Southeastern Marine Incorporated**

STATE OF CONNECTICUT
COUNTY OF

Subscribed and sworn to before me this 4th day of ~~November~~ December, 2007

Notary Public James T. Murphy
My Commission Expires: 12/30/2008