C

KNM:em 07-255

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| SOUTHEASTERN MARINE INCORPORATED d/b/a TOW BOAT U.S. | : | |
| VS. | : | C.A. No. 2007-447ML |
| S/V HEAD HUNTER, her engines, tackle, apparel, furnishings, equipment, etc. and DAVID L. NEWTON | : | |

**AFFIDAVIT OF A. LAURISTON PARKS, ESQUIRE**

On this day, A. Lauriston Parks appeared before me, the undersigned, notary public. After I administered an oath to him, he said:

1. My name is A. Lauriston Parks. I am competent to make this affidavit. The facts stated in the affidavit are within my personal knowledge and are true and correct.

2. On December 5, 2007, a Complaint was filed on behalf of Southeastern Marine Incorporated d/b/a Tow Boat U.S., attached hereto as Exhibit A.

3. On December 8, 2007, Defendant, David L. Newton, was personally served, individually and as owner of S/V Head Hunter, upon the S/V Head Hunter located at Viking Marine in Westerly, Rhode Island. A copy of the return of service is attached hereto as Exhibit B.

4. Defendant did not file an Answer within twenty (20) days after December 8, 2007, the date of service. Defendant was required to file an answer or other response to the Complaint by December 28, 2007.

5. A thorough search was made of the Court docket and no answer has been filed.

6. This affidavit is executed by affiant herein in accordance with Fed. R. Civ. P. 55(a) for the purpose of enabling the Plaintiff to obtain an Entry of Default against the Defendant for failure to plead or otherwise defend as to Plaintiff's Complaint.

A. Lauriston Parks, Esq. #0385

STATE OF RHODE ISLAND
NEWPORT COUNTY

Subscribed and sworn to before me this 7th day of January, 2008.

Notary Public
Expiration Date:

**Deborah J. Kelleher**
**RI Notary ID# 53753**
**Commission expires: 8/11/2008**

KNM 07-255

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

A

SOUTHEASTERN MARINE :
INCORPORATED d/b/a TOW BOAT U.S. :
:
VS. : C.A. No.
:
S/V HEAD HUNTER, her engines, tackle, :
apparel, furnishings, equipment, etc. and :
DAVID L. NEWTON :

CA 07 447ML

**COMPLAINT**

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. At all times material hereto, the plaintiff, SOUTHEASTERN MARINE INCORPORATED d/b/a TOW BOAT U.S. (hereinafter "TOW BOAT" or "plaintiff"), was and is a corporation organized under and by virtue of the laws of the State of Connecticut with its principal place of business located in West Mystic, Connecticut.

3. At all times material hereto, the S/V HEAD HUNTER was and is a 47 foot Hunter, diesel powered sailing vessel. Upon information and belief, the S/V HEAD HUNTER is currently located in or about Westerly, Rhode Island, within the jurisdiction of this Honorable Court.

4. At all times material hereto, defendant, DAVID L. NEWTON (hereinafter "NEWTON"), was and is the owner of the S/V HEAD HUNTER, and is a resident of the Town of Westerly, Rhode Island.

5. The S/V HEAD HUNTER, at all times material hereto, had a value of at least One Hundred Thousand and 00/100 ($100,000.00) Dollars.

6. At all times material hereto, plaintiff, TOW BOAT, has been engaged in the business of providing salvage services and has maintained several vessels and extensive equipment for the purpose of salvaging vessels and their cargos in and about the waters of southeastern New England, including Rhode Island and Connecticut, such equipment including vessels built for and especially adapted to the salvage business.

7. At all times material hereto, TOW BOAT, was and is a professional salvor.

8. Included among the vessels owned, maintained and operated by plaintiff in connection with its salvage business is the motor vessel TowBOAT US #7.

9. On or about the early morning hours of October 5, 2007, a "Mayday" report was broadcast by NEWTON and received by the U.S. Coast Guard and TOW BOAT.

10. At the time of said report, TOW BOAT launched a salvage vessel to respond to the "Mayday" call and proceeded to the location reported on the radio, the Watch Hill reef area, in order to investigate.

11. While plaintiff's salvage vessel was en route to Watch Hill, it discovered the distressed vessel, S/V HEAD HUNTER, hard aground on "Seal Rocks" about 1.5 miles from the Watch Hill passage.

12. It was reported to the operator of TowBOAT US #7, Don Rich ("Rich"), that the S/V HEAD HUNTER's operator had anchored for the night due to heavy fog in

the area. During the early morning hours the anchor broke free in the heavy incoming tide and the sailing vessel crashed onto "Seal Rocks".

13. When plaintiff heard the report of the grounded vessel, it was dark, in the early morning hours, with light winds and a heavy incoming tide flow. High tide was scheduled for 4:25a.m.

14. When the plaintiff's rescue vessel and crew arrived, it was able to negotiate into the dangerous reef and was itself caught in the heavy current, slamming alongside the casualty.

15. The operator of plaintiff's rescue vessel, Mr. Rich, rigged a towing bridle and tow line onto the S/V HEAD HUNTER. At that point, TowBOAT US #7 was able to break away from the grounded vessel and back out and away from the reef into deeper and safer waters. A steady strain was applied to the tow line. S/V HEAD HUNTER was turned towards deeper water and eventually pulled free having to be dragged over several rocks in the process. The grounding damaged the S/V HEAD HUNTER's rudder which caused the boat to steer hard to the port side.

16. Prior to Plaintiff volunteering its salvage services, the S/V HEAD HUNTER was in peril.

17. Under the circumstances, the action that was necessary to rescue and tow the S/V HEAD HUNTER to the safety of the Viking Marina required a high degree of skill and was performed at considerable risk to life, limb and salvage property.

18. With great skill and effort and at great danger and risk to its personnel, equipment, valuable salvage vessel and environmentally protected Recreation Area,

plaintiff quickly and professionally stabilized and removed the S/V HEAD HUNTER to a place of safety.

19. As a result of plaintiff's action, the S/V HEAD HUNTER was saved to the benefit of her owner.

20. Plaintiff's salvage efforts on behalf of S/V HEAD HUNTER were successful.

21. Upon information and belief, the value of the S/V HEAD HUNTER, her engines, tackle, apparel, furnishings, equipment, etc., in the condition saved amounted to One Hundred Thousand and 00/100 ($100,000.00) Dollars, all of which was fully saved by reason of the salvage services rendered by plaintiff.

22. The services rendered by plaintiff to the S/V HEAD HUNTER were salvage services of a high order of merit that were furnished voluntarily, professionally, promptly, efficiently, skillfully and under conditions that were difficult and dangerous and therefore, plaintiff is entitled to a liberal salvage award.

23. The amount of just compensation claimed for the just and meritorious salvage services in connection with the S/V HEAD HUNTER is Twenty Five Thousand Seven Hundred Sixty and 00/100 ($25,760.00) Dollars.

24. Plaintiff has a maritime lien, enforceable in this Honorable Court against the aforesaid vessel *in rem* for the full amount of its salvage claim, plus interest, costs and such other relief as this Court deems fit.

**WHEREFORE,** plaintiff, SOUTHEASTERN MARINE INCORPORATED d/b/a TOW BOAT U.S. prays:

1. That judgment may be entered in favor of plaintiff in the amount of Twenty Five Thousand Seven Hundred Sixty and 00/100 ($25,760.00) Dollars, together with interest, costs and attorneys fees and that the S/V HEAD HUNTER, her engines, tackle, apparel, furnishings, equipment, etc., may be condemned and sold to pay the same; and

2. That plaintiff may have such other and further relief that the justice so this cause may require.

Southeastern Marine Incorporated d/b/a
Tow Boat U.S.

By its Attorneys,

A. Lauriston Parks /knm #6478

A. Lauriston Parks, Esq. #0385
53 Narragansett Avenue
Jamestown, RI 02835
(401) 423-8900 – telephone
(401) 560-0186- fax
alp@alparks.net

James T. Murphy, Esq. #1698
Kelly N. Michels, Esq. #6478
Hanson Curran LLP
146 Westminster Street
Providence, Rhode Island 02903
(401) 421-2154 – telephone
(401) 521-7040 – fax
jtm@hansoncurran.com
knm@hansoncurran.com

Plaintiff hereby designates A. Lauriston Parks, James T. Murphy and Kelly N. Michels and as its trial attorneys.

**VERIFICATION**

**Donald Rich,** of Mystic, Connecticut, on oath deposes and says:

That he is the President of Southeastern Marine Incorporated d/b/a Tow Boat U.S., the plaintiff corporation in this matter; that he has read the foregoing complaint and knows the contents thereof; that he has personal knowledge of the matters set forth therein and that the same is true to the best of his knowledge, except as to those matters stated to be on information, and as to those matters he believes it to be true.

**Donald Rich, President**
**Southeastern Marine Incorporated**

STATE OF CONNECTICUT
COUNTY OF

Subscribed and sworn to before me this 4th day of ~~November~~ December, 2007

Notary Public James T. Murphy
My Commission Expires: 12/30/2008

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Rhode Island

B

Southeastern Marine Incorporated

V.

S/V Head Hunter and David L. Newton

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: 2007-447ML

TO: (Name and address of Defendant)

David L. Newton, Individually and as Owner of S/V Head Hunter
19 Margin Street
Westerly, RI 02891

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

A. Lauriston Parks, Esq.
53 Narragansett Avenue
Jamestown, RI 02853

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

CLERK [signature]

DATE 12/7/07

(By) DEPUTY CLERK

David J. Wentz

AO 440 (Rev. 10/93) Summons in a Civil Action

## RETURN OF SERVICE

| Service of the Summons and complaint was made by me(1) | DATE 12-8-07 10:51 AM |
| --- | --- |
| NAME OF SERVER (PRINT) Anthony Marcello Sr | TITLE D- Deputy |

*Check one box below to indicate appropriate method of service*

☑ Served personally upon the third-party defendant. Place where served: 19 Margin Street Westerly RI 02891 Red (Seagoing) Sailboat

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES 35 | TOTAL |
| --- | --- | --- |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 12-8-07 10:51 AM
Date

[signature]
Signature of Server

34 Kettle Hole Rd Bonnet Shores RI 02806
Address of Server

Service 35 —

~~Witness Fee~~

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.